**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| POLISHED.COM INC., *et al.*,[1] | ) | Case No. 24-10353 (TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| GEORGE L. MILLER, in his capacity as | ) | |
| Chapter 7 Trustee of POLISHED.COM | ) | |
| INC., et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ECKSTROM, NYC, LLC., | ) | Adv. Proc. No. 26-50101 (TMH) |
| | ) | |
| SUPPLY KING USA, LLC, | ) | Adv. Proc. No. 26-50129 (TMH) |
| | ) | |
| BOZZUTO MANAGEMENT COMPANY, | ) | Adv. Proc. No. 26-50089 (TMH) |
| | ) | |
| DIRECT SUPPLIES WAREHOUSE INC., | ) | Adv. Proc. No. 26-50090 (TMH) |
| | ) | |
| GILBANE BUILDING COMPANY, | ) | Adv. Proc. No. 26-50116 (TMH) |
| | ) | |
| SD BUILDERS AND CONSTRUCTION LLC, | ) | Adv. Proc. No. 26-50107 (TMH) |
| | ) | |
| CLINTON MANAGEMENT, LLC, | ) | Adv. Proc. No. 26-50114 (TMH) |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Hearing Date: May 27, 2026 at 10:00 a.m. (ET)**
**Objection Deadline: May 20, 2026, at 4:00 p.m. (ET)**

**SECOND OMNIBUS MOTION OF GEORGE L. MILLER, CHAPTER 7**
**TRUSTEE, TO APPROVE SETTLEMENT AGREEMENTS**
**<u>(ACCOUNTS RECEIVABLE)</u>**

---

[1]     The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are:  Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, under sections 105 and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement agreements (the "Settlement Agreements")[2] between the Trustee and the following parties:

(a)     ECKSTROM, NYC, LLC [Adv. Proc. No. 26-50101 (TMH)];

(b)     SUPPLY KING USA, LLC [Adv. Proc. No. 26-50129 (TMH)];

(c)     BOZZUTO MANAGEMENT COMPANY [Adv. Proc. No. 26-50089 (TMH)];

(d)     DIRECT SUPPLIES WAREHOUSE INC. [Adv. Proc. No. 26-50090 (TMH)];

(e)     GILBANE BUILDING COMPANY [Adv. Proc. No. 26-50116 (TMH)]; and

(f)     SD BUILDERS AND CONSTRUCTION LLC [Adv. Proc. No. 26-50107 (TMH)];

(g)     CLINTON MANAGEMENT, LLC [Adv. Proc. No. 26-50114 (TMH)].

Copies of the Settlement Agreements are attached to the proposed form of order as Exhibits 1 through 7 respectively.  In support of this Motion, the Trustee respectfully states as follows:

**Jurisdiction**

1.     The district court has jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of*

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the respective Settlement Agreements.

*Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and rule bases for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

**Background**

4.      On March 7, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Cases"). The chapter 7 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5.      Following the Petition Date, after conducting a review and analysis of the Debtors' records, the Trustee determined that the Debtors' records reflect that the Defendants (a) owed outstanding accounts receivable balance to the Debtors (the "Outstanding Accounts Receivable").

6.      The Trustee sent a letter to each of the Defendants requesting payment of the Outstanding Accounts Receivable (the "Demand Letters"); however; despite the issuance of the Demand Letters, the Trustee was unable to collect the Outstanding Accounts Receivable.

4904-4969-7432.3 57099.00001                    3

7. Accordingly, the Trustee commenced adversary proceedings (the "Adversary Proceedings") in this Court against, among others, the Defendants, in which he sought to recover the Outstanding Accounts Receivable. After the filing of the Adversary Proceeding against the Defendants, the Parties engaged in good faith, arms' length negotiations to resolve these matters.

## Summary of Settlement Agreements[3]

### A. Eckstrom, NYC, LLC

8. In the complaint filed against Eckstrom, NYC, LLC ("Eckstrom"), the Trustee sought the recovery of Outstanding Accounts Receivable in the amount of $116,059.94, plus interest and the award of reasonable attorneys' fees and costs incurred in the action.

9. As set forth in the Trustee's Settlement Agreement with Eckstrom, the primary terms are as follows:

   a. Eckstrom shall pay to the Trustee the sum of $116,059.94 within five (5) business days from the entry of an order by the Court approving the Settlement Agreement.

   b. The parties to exchange mutual releases.

   c. Dismissal with prejudice of the Adversary Proceeding against Eckstrom.

### B. Supply King USA, LLC

10. In the complaint filed against Supply King USA LLC ("Supply King"), the Trustee sought the recovery of Outstanding Accounts Receivable in the amount of $44,925.00, plus interest and the award of reasonable attorneys' fees and costs incurred in the action.

---

[3] The summary set forth in the Motion is only a summary. To the extent the summary conflicts with the actual terms of the Settlement Agreements, the actual terms of the Settlement Agreements shall control. Capitalized terms not otherwise defined in this Motion shall have the meaning given to them in the applicable Settlement Agreement.

11.    As set forth in the Trustee's Settlement Agreement with Supply King, the primary terms are as follows:

    a.    Supply King shall pay to the Trustee the sum of $44,925.00 within five (5) business days from the entry of an order by the Court approving the Settlement Agreement.

    b.    The parties to exchange mutual releases.

    c.    Dismissal with prejudice of the Adversary Proceeding against Supply King.

**C.    Bozzuto Management Company**

12.    In the complaint filed against Bozzuto Management Company ("Bozzuto"), the Trustee sought the recovery of Outstanding Accounts Receivable in the amount of $308,111.79, plus interest and the award of reasonable attorneys' fees and costs incurred in the action.

13.    As set forth in the Trustee's Settlement Agreement with Bozzuto, the primary terms are as follows:

    a.    Bozzuto shall pay to the Trustee the sum of $308,111.79 within five (5) business days from the entry of an order by the Court approving the Settlement Agreement.

    b.    Parties to exchange mutual releases.

    c.    Dismissal with prejudice of the Adversary Proceeding against Bozzuto.

**D.    Direct Supplies Warehouse Inc.**

14.    In the complaint filed against Direct Supplies Warehouse Inc. ("Direct Supplies"), the Trustee sought the recovery of Outstanding Accounts Receivable in the amount of $267,962.39, plus interest and the award of reasonable attorneys' fees and costs incurred in the action.

15. As set forth in the Trustee's Settlement Agreement with Direct Supplies, the primary terms are as follows:

    a. Company shall pay to the Trustee the sum of $187,500.00 (the within thirty (30) days.

    b. Parties to exchange mutual releases.

    c. Dismissal with prejudice of the Adversary Proceeding against Direct Supplies.

**E.     Gilbane Building Company**

16. In the complaint filed against Gilbane Building Company ("Gilbane"), the Trustee sought the recovery of Outstanding Accounts Receivable in the amount of $64,937.72, plus interest and the award of reasonable attorneys' fees and costs incurred in the action.

17. As set forth in the Trustee's Settlement Agreement with Gilbane, the primary terms are as follows:

    a. Company shall pay to the Trustee the sum of $35,286.99 within five (5) business days after receipt of the final release.

    b. The parties to exchange mutual releases.

    c. Dismissal with prejudice of the Adversary Proceeding against Gilbane.

**F.     SD Builders and Construction LLC**

18. In the Complaint filed against SD Builders and Construction LLC ("SD Builders"), the Trustee sought the recovery of Outstanding Accounts Receivable in the amount of $147,210.99, plus interest and the award of reasonable attorneys' fees and costs incurred in the action.

19. As set forth in the Trustee's Settlement Agreement with SD Builders, the primary terms are as follows:

    a. Company shall pay to the Trustee the sum of $60,000.00 (the within ten (10) business days after receipt of the final release.

      b.      The parties to exchange mutual releases.

      c.      Dismissal with prejudice of the Adversary Proceeding against SD Builders.

## G.    Clinton Management, LLC

20.    In the Complaint filed against Clinton Management, LLC ("Clinton"), the Trustee sought the recovery of Outstanding Accounts Receivable in the amount of $67,121.75, plus interest and the award of reasonable attorneys' fees and costs incurred in the action.

21.    As set forth in the Trustee's Settlement Agreement with Clinton, the primary terms are as follows:

      a.      Company shall pay to the Trustee the sum of $34,363.00 (the within five (5) business days  from the entry of an order by the Court approving this Settlement Agreement.

      b.      The parties to exchange mutual releases.

      c.      Dismissal with prejudice of the Adversary Proceeding against Clinton.

## Relief Requested

22.    By this Motion, the Trustee seeks entry of an order approving the Settlement Agreements, which, as stated above, are attached as Exhibits 1 through 7 to the proposed form of order.

## Basis for Relief Requested

## A.    Approval Pursuant to Bankruptcy Rule 9019

23.    Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to

obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc).   Bankruptcy Rule 9019 governs the procedural prerequisites to approve a settlement, providing that:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

24.   Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases*.   Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Bankruptcy Rule 9019 provides that on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.   In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether the compromise is fair, reasonable, and in the interests of the estates.  *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998).   The decision whether to accept or reject a compromise lies within the sound discretion of the court.  *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

25.   In making this determination, the United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors.  *Martin*, 91 F.3d at 393.   Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* at 395.

26.     When applying the *Martin* factors to a particular motion, "the court is not supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Aetna Casualty & Surety Co. v. Jasmine, Ltd (In re Jasmine, Ltd)*, 258 B.R. 119, 123 (D.N.J. 2000) (internal quotations omitted); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006).  Although approval of a compromise is within the "sound discretion" of the bankruptcy court (*World Health*, 344 B.R. at 296), the court should not substitute its judgment for that of a trustee or debtor in possession.  *In re Parkview Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996). The ultimate inquiry is whether the compromise is "fair, reasonable, and in the interests of the estate." *TSIC*, 393 B.R. at 78.  A court need not be convinced that a proposed settlement is the best possible settlement, but "must conclude that it is within the reasonable range of litigation possibilities." *World Health*, 344 B.R. at 296 (internal citations omitted).

27.     The Trustee believes the Settlement Agreements are fair and reasonable and are in the best interests of the Debtors' estates and creditors, and should be approved pursuant to Bankruptcy Rule 9019.  The settlements are the product of good-faith discussions and arms'-length bargaining among the Parties.  For the reasons outlined below, the Trustee believes that the Settlement Agreements are in the best interests of the Debtors' estates.

28.     First, the Settlement Agreements resolve potential costly litigation over recovery of the Outstanding Accounts.  The Settlement Agreements are favorable because the estates receive significant cash recoveries from each of the Defendants.  In addition, certain of the Defendants asserted setoff and/or recoupment defenses for damages associated with their contractual relationships with the Debtors.

29.   The settlements avoid any collection difficulties or delays if the Trustee were to litigate the Outstanding Accounts Receivable against each of the Defendants, the outcome of which is uncertain and could be delayed by any appeal even assuming a favorable result to the Trustee.  In addition, the Settlement Agreements are in the best interests of the estates because the estates receive immediate cash and avoid administrative costs in pursuing litigation against each of the Defendants.

30.   Aside from the standards under Rule 9019, a settlement of claims and causes of action by a trustee constitutes a use of property of the estate.  *See e.g. Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999).  If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code.  *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy.").  Courts normally defer to the trustee's business judgment so long as there is a legitimate business justification.  *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (trustee need only have a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

31.   Here, the Trustee submits that approval under section 363(b) of the Bankruptcy Court is required.  The Settlement Agreements provide for, among other terms, a resolution and waiver of potential claims by the Trustee against each of the Defendants.  *See Northview Motors*, 186 F.3d at 350 (settling a claim against a third party constitutes a sale of the claim under section 363 and subject to court approval).  For all the reasons set forth above, the

Trustee, in an exercise of his sound business judgment, submits that the Settlement Agreements are fair, reasonable, and appropriate and should be approved by this Court.

## Notice

32. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) each of the Defendants; and (c) parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion, approve the Settlement Agreements, enter the proposed order, and grant such other relief as is just and proper.

Dated: May 6, 2026

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
       pkeane@pszjlaw.com
       ecorma@pszjlaw.com

*Counsel to Plaintiff George L. Miller, Chapter 7 Trustee*